UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GARY LILLEY,

                       Plaintiffs,

          -v-

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                       Defendants.

------------------------------------------------------------------X

16-cv-4396 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Gary Lilley brings this action against the Commissioner of Social Security ("Commissioner") seeking review of the Commissioner's decision that he is not entitled to Supplemental Security Income ("SSI"), pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3). Each party filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). On August 29, 2017, the Honorable Katharine H. Parker, United States Magistrate Judge, issued a Report and Recommendation (the "R&R"), recommending that Lilley's motion be granted and the Commissioner's cross-motion be denied, and that the case be remanded for further administrative proceedings. The Commissioner has objected in part to the R&R. For the reasons set forth below, the Court adopts in part the R&R and remands to the Social Security Administration for further proceedings.

I. **Background**

The following summary is drawn from the R&R's account of the facts, to which no party objects.

On March 21, 2013, Lilley filed a claim for SSI based on a series of ailments from which he suffers, with an alleged onset date of February 6, 2013. R&R 2. In June 2013, the Social Security Administration denied his claim on the grounds that his medical conditions did not render him disabled and unable to work. *Id.* Lilley then appealed pursuant to the administrative review process established by the Social Security Administration, which consists of three levels of review: reconsideration, a hearing before an Administrative Law Judge ("ALJ"), and review by the Appeals Council. *Id.*

On December 5, 2014, the ALJ issued a decision finding that Lilley was not disabled within the meaning of the Social Security Act from February 6, 2013 through the date of the decision. *Id.* On January 21, 2015, Lilley appealed that decision to the Appeals Council. *Id.* On April 6, 2016, the Appeals Council denied his request for review, finding no reason to review the ALJ's decision. *Id.* Lilley then sought review in this Court. *Id.*; *see* Complaint, Dkt. 2.

After Chief Judge McMahon granted Lilley's request to proceed *in forma pauperis*, this Court referred his case to Magistrate Judge Parker. *See* Dkt. 7. On January 5, 2017, the Commissioner moved for judgment on the pleadings, Dkt. 13, and on May 7, 2017, Lilley, by then represented by counsel, did the same, Dkt. 19.

On August 29, 2017, Magistrate Judge Parker issued the R&R, recommending that the Court (1) grant Lilley's motion for judgment on the pleadings; (2) dismiss the Commissioner's motion; and (3) remand the case for further administrative proceedings. Magistrate Judge Parker identified two errors in the ALJ's decision as grounds for remand: that the ALJ failed to develop the record (1) by failing to seek a medical opinion from one of Lilley's doctors, Dr. Jacek Preibisz; and (2) regarding Lilley's back and shoulder impairments.

2

On September 12, 2017, the Commissioner filed an objection to the R&R in which she objected only to Magistrate Judge Parker's conclusion that the ALJ had failed to develop the record by failing to seek a medical opinion from Dr. Preibisz.

## II. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810, 2009 WL 2001439 (S.D.N.Y. July 8, 2009) (quotation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation for clear error. *See Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812, 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). However, where specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

This Court's review of an appeal of a denial of disability benefits is limited to two inquiries. First, the Court must determine whether the Commissioner applied the correct legal principles in reaching a decision. 42 U.S.C. § 405(g). Second, the Court must decide whether the Commissioner's decision is supported by substantial evidence in the record. *Id.* Because a Social Security ALJ has an affirmative duty to develop the record, *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009); 20 C.F.R. § 416.912(b), before reviewing the record evidence, a

3

reviewing court "must first be satisfied that the ALJ provided plaintiff with a full hearing under the Secretary's regulations and also fully and completely developed the administrative record," *Scott v. Astrue,* No. 09-cv-3999 (KAM), 2010 WL 2736879, at * 12 (E.D.N.Y. July 9, 2010).

## III. Discussion

The Commissioner does not object to Judge Parker's conclusion that the ALJ failed to develop the record regarding Lilley's back and shoulder impairments, and this Court does not find clear error in that sensible decision. Judge Parker rightly concluded that the ALJ could not conduct the analysis required by statute and regulation, *see* 20 C.F.R. §§ 404.1520(a)(4), 404.1529, 416.929(b), to determine whether Lilley's shoulder and back ailments were severe without the benefit of a complete medical record. Given that Lilley's primary care physician had relied on x-rays of his spine and shoulder to conduct his functional capacity assessment of Lilley, those x-ray results of back and shoulder impairments needed to be placed on the record. The same is so of the results of an MRI of Lilley's lumbar spine, which the record showed had been conducted. The ALJ could not rely on the absence of this evidence to conclude that Lilley's shoulder impairment was not severe; rather, the ALJ had an affirmative obligation to supplement the record with those diagnostic reports.

However, the Court finds the ALJ was not required to further develop the plaintiff's record by seeking a medical opinion from Dr. Preibisz. An ALJ has an affirmative duty to develop the record on behalf of all claimants, but "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan,* 168 F.3d 72, 79 n.5 (2d Cir. 1999) (internal quotation marks omitted).

Dr. Preibisz first saw Lilley at University Physicians in December 2012. *See* R&R 3. After another visit in January 2013, on February 20, 2013, Dr. Preibisz completed a wellness plan report in which he concluded that Lilley was unemployable for the next six months and that after six months he would delineate work limitations. R&R 4, 6. Three months later, on May 2, 2013, Dr. Preibisz again issued a wellness plan report. He again concluded that Lilley was unemployable for the next six months, and again stated that after six months he would delineate work limitations. R&R 6.

By the time the ALJ rendered his decision, on December 5, 2014, more than six months (indeed, more than 18 months) had elapsed since Dr. Preibisz's May 2013 report. The absence of any further reports from Dr. Preibisz regarding Lilley's functional limitations, however, did not create an "obvious gap" in the administrative record, *Rosa*, 168 F.3d at 79 n.5, which the ALJ was required to fill. That is because, to the extent Dr. Preibisz's reports did more than simply conclude that Lilley was unable to work, they were superseded by a more recent report from another physician. If a medical opinion is on an issue reserved to the Commissioner, such as the claimant's ability to work, such opinion is granted no special significance under the Social Security Act. *See* 20 C.F.R. § 416.927(d). Therefore, the ALJ was not required to supplement the record simply to obtain another report from Dr. Preibisz as to Lilley's ability to work.

Dr. Preibisz's reports also relied on his own assessment of Lilley's cardiac condition. In theory, that underlying factual assessment could have been an "obvious gap" in the record that the ALJ was required to fill. However, the existence of another doctor's contemporaneous assessments of the same issue eliminated whatever gap in the record Dr. Preibisz's missing report might have created. Specifically, Dr. Ernest Garnier saw Lilley from July 2013 to July 2014. R&R 5. During that time, he treated Lilley for hypertension, chronic low back pain, and

5

chest pains. *Id.* He conducted physical examinations of Lilley, including detailed cardiovascular exams, which were normal except from elevated blood pressure. *Id.* He prescribed medication to treat Lilley's hypertension. *Id.*

On September 26, 2014, Dr. Garnier completed a functional assessment form, concluding that Lilley could stand or walk for up to 20 minutes continuously and less than two hours per workday and could sit for up to one hour continuously and less than six hours per workday. R&R 6. He also offered opinions on Lilley's ability to lift and carry weights, and reach, stoop, and bend during the workday. *Id.*

Dr. Garnier's September 26, 2014, report, rendered some 16 months after Dr. Preibisz's last report, contains the more recent medical information about Lilley. And Dr. Garnier's report, issued after treating Lilley for his hypertension, chronic low back pain, and chest pains between July 19, 2013 and July 29, 2014, addressed the same issues—including both Lilley's orthopedic and cardiovascular ailments—that Dr. Preibisz's reports had considered. Dr. Garnier's report thus made the lack of a follow-on report from Dr. Preibisz immaterial: To the extent the medical assessments underlying Dr. Preibisz's reports gave rise to a gap, Dr. Garnier's report filled that gap. The ALJ was therefore not required to supplement the record with another report from Dr. Preibisz.

**CONCLUSION**

For the foregoing reasons, the Court adopts in part Magistrate Judge Parker's August 29, 2017, Report and Recommendation. The Court sustains the Commissioner's objection to Judge Parker's finding that the ALJ failed to develop the record in failing to seek a medical opinion from Dr. Preibisz. The Court otherwise adopts in full the Report and Recommendation.

It is hereby ordered that: (1) plaintiff's motion for judgment on the pleadings is GRANTED; (2) defendant's cross-motion for judgment on the pleadings is DENIED; and (3) the case is REMANDED for further administrative proceedings.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 25, 2017
       New York, New York